```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MICHIGAN
                        SOUTHERN DIVISION
```

CHRISTOPHER JAMES DONKERS,
                                                  CIVIL CASE NO. 05-40058
            Plaintiff,

                                                  HONORABLE PAUL V. GADOLA
v.                                              U.S. DISTRICT JUDGE

DAVID J. CALANDRO, et al.,

            Defendants.
_____/

## **MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ON THE BASIS OF THE *YOUNGER* ABSTENTION DOCTRINE**

    Before the Court are Plaintiff's motion to remand the case to state court and Defendants' motion to dismiss the action.  For the reasons stated below, the Court will grant Plaintiff's motion to remand on the basis of the *Younger* abstention doctrine.  The Court will therefore not reach the merits of Defendants' motion.

    Plaintiff, who is proceeding *pro se*, brought claims before the state court seeking a declaratory judgment relating to alleged violations of his civil rights.  The alleged violations of his civil rights arise from a modification of a child support order, which Plaintiff claims was entered without the proper procedural prerequisites.  Plaintiff sued a Third Judicial Circuit Court Judge and various employees of the Third Judicial Circuit, as well as others, in that same circuit court.  Defendants removed this

action, based on the fact that the complaint alleges federal questions under 42 U.S.C. § 1983, 1985, 1986, and 1988. Plaintiff now seeks to have the action remanded to state court. Specifically, Plaintiff claims that remand is appropriate based on the Rooker-Feldman doctrine and the Younger abstention doctrine.

The Supreme Court of the United States recently addressed the Rooker-Feldman doctrine in Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 125 S. Ct. 1517 (2005). Essentially, the Rooker-Feldman doctrine prohibits the federal lower courts "from exercising appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings." Gilbert v. Ferry, 401 F.3d 411, 416 (6th Cir. 2005) (citation and internal quotation omitted). The Supreme Court's recent decision "confined" the doctrine to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceeding commenced and inviting district court review and rejection of those judgments." Exxon Mobil, Slip Op. at 2. The Supreme Court noted that "the pendency of an action in the state court is no bar to proceedings concerning the matter in the Federal court having jurisdiction." Slip Op. at 11 (quotation and citations omitted).

In this case, Plaintiff is not complaining about a final state

court judgment; instead Plaintiff complains about alleged due process violations and alleged inappropriate "depriv[ations] of property under color of state law" that derived from the procedures in state court. Def. Resp. at 3; Pl. Compl. at 28-29. Plaintiff does not appear to seek the vacating of the child support order, but rather complains of the manner in which the order was entered and seeks a declaratory judgment. Plaintiff appears to concede that he is not complaining about a final state court order because he argues in his reply brief that the Rooker-Feldman doctrine "includes interlocutory orders and decisions." Pl. Reply at 3. Particularly in light of the recent Supreme Court decision confining the scope of the Rooker-Feldman doctrine, the Court finds that the doctrine does not apply in this case. Therefore, Plaintiff's motion to remand will be denied on this ground.

Plaintiff's next argument is that the Court should abstain from deciding this case based on the Younger abstention doctrine. The Younger abstention doctrine "counsels a federal court to abstain from adjudicating a matter properly before it in deference to ongoing state proceedings." Gilbert, 401 F.3d at 419 (citation omitted). The Sixth Circuit has advised that three factors should be considered in applying the doctrine:

> 1) whether the underlying proceedings constitute an ongoing judicial proceeding, 2) whether the proceedings implicate important state interests, and 3) whether

> there is an adequate opportunity in the state proceedings to raise a constitutional challenge.

Id. (citation omitted). Regarding the first requirement, the state child support proceedings are ongoing. Regarding the second requirement, the child support issue and procedures do implicate important state interests. See Mann v. Conlin, 22 F.3d 100, 105-06 (6th Cir. 1994)(citation omitted)(stating that domestic relations law involves "a paramount state interest"). Regarding the third element, there is an adequate opportunity to raise constitutional challenges in the state proceedings. See Tindall v. Wayne County Friend of Court, No. 98-73896, 1999 U.S. Dist. LEXIS 15928 at *10-11 (E.D. Mich. Sept. 30, 1999). Thus, each of the three requirements for Younger abstention have been satisfied.

Defendants do not appear to contest that these three requirements of the Younger abstention doctrine have been satisfied. Rather, Defendants argue that there are exceptional circumstances in this case that warrant the Court hearing this matter and not abstaining. Specifically, Defendants claim three exceptional factors: (1) that all judges in Plaintiff's chosen forum, the Third Judicial Circuit Court, are disqualified from hearing the case, (2) that the Michigan courts have a financial and substantive interest in the outcome of this litigation, and (3) that Plaintiff's complaint is brought for improper purposes.

The Sixth Circuit addressed the issue of exceptions to the Younger doctrine in a recent case, Tindall v. Wayne County Friend of the Court, 269 F.3d 533 (6th Cir. 2001). The Tindall case similarly considered a Michigan father contesting procedures related to child support. Like this case, the Tindall case included judges as defendants and the same potential financial and substantive interests. The Sixth Circuit held in that case that the district court should apply the Younger abstention doctrine and "abstain from reaching any of [the father's] claims." Tindall, 269 F.3d at 536. The Sixth Circuit stated:

> "federal courts, absent 'extraordinary circumstances' must abstain from granting declaratory or injunctive relief [affecting a civil contempt hearing stemming from the nonpayment of child support] because doing so would involve unduly intrusive interference with, and monitoring of, the day-to-day conduct of state hearings and trials."

Tindall, 269 F.3d at 536 (brackets in original)(quoting Sevier v. Turner, 742 F.2d 262, 269-70 (6th Cir. 1984)). The Court finds this case to be materially indistinguishable from Tindall, and will therefore apply the Younger abstention doctrine.

Defendants argue that if the Court determines that the Younger abstention doctrine applies, then the proper course is dismissal of the case without prejudice, not remand. The cases cited by Defendants refer to cases filed in federal court, not removed to federal court, and therefore dismissal was appropriate in those

instances.  See, e.g., Zalman v. Armstrong, 802 F.2d 199 (6th Cir. 1986).  The Court finds no authority for Defendants' contention that it must dismiss rather than remand this case.  Having determined that this federal Court should abstain from jurisdiction, the Court is simply returning the case to the court from which it was removed.  The Court will therefore grant Plaintiff's motion to remand.

Having determined that abstention and remand are appropriate in this case, the Court will not address the merits of Defendants' motion to dismiss and will deny that motion without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motion to remand [docket entry 5] is **GRANTED** on the basis of the Younger abstention doctrine.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss [docket entry 4] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated: May 26, 2005                     s/Paul V. Gadola
                                        HONORABLE PAUL V. GADOLA
                                        UNITED STATES DISTRICT JUDGE

6

Certificate of Service

I hereby certify that on <u>May 31, 2005</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Stephen Geskey</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>Christopher Donkers</u>.

<u>s/Julia L. Delling</u>
Julia L. Delling, Case Manager
(810) 341-7845